## Case No. 17,927.

### WOLF v. The SELT.

[See Case No. 12,649.]

## Case No. 17,928.

### WOLF et al. v. SMYTHE.

[7 Biss. 365;[1] 9 Chi. Leg. News, 175.]

Circuit Court, N. D. Illinois. Feb. 5, 1877.

BILL OF LADING—BONA FIDE HOLDER—DEDUCTIONS FOR AGENT'S COMMISSIONS.

Although the bona fide holder of a bill of lading is entitled to the proceeds, the consignee has the right to deduct his commissions, and also the charges and insurance advanced by him.

[This was a suit by Aaron Wolf and others against John G. Smythe.]

H. G. Lunt, for plaintiffs.
Leffingwell & Johnson, for defendant.

BLODGETT, District Judge. This case was tried several weeks since by a jury, and a judgment rendered for $685.88. The suit was brought to recover the proceeds of four car loads of wheat, shipped by a man named Belden, to the defendant, Smythe, which the plaintiffs claim was duly assigned to them by Belden, and that they are entitled to the proceeds. It appears that Belden was a wheat buyer in Iowa, and the plaintiffs are bankers. The plaintiffs, in due course of business, advanced money to Belden with which he bought the wheat and shipped it to the defendant, who is a commission man in this city, for sale. Smythe received the wheat in question and sold it.

The evidence shows that Belden, on the shipment of the wheat, passed the bills of lading over to the plaintiffs, who had advanced him the money, and they made the drafts, and the drafts and the bills of lading came forward together, were duly presented to Smythe for payment, and he instead of paying the money on the drafts, passed it over to Belden's private or general account. This question has been up several times before the court, and the rulings have been uniform, that the party holding the bill of lading on a draft of that kind is entitled to the proceeds. So there is no necessity of re-discussing the law in that case. The trial, however, was an ex parte trial, and the court allowed plaintiffs to recover the full amount of the drafts at the time of the trial. The defendant was not represented. Pleas were in, but the pleas were the general issue.

The defendant shortly afterwards entered a motion for a new trial, and the matter came up on affidavits, and in the course of the discussion and disclosure of facts, it appears that no credit was given to the defendant, Smythe, for the charges which he paid upon this wheat. The wheat was shipped forward to the defendant, in this city, to be sold by him, and he advanced the charges and insurance, and was entitled to his commission. No credit was given him for the charges and commissions, but the plaintiffs

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

took the judgment for the full amount of the drafts with interest to the time of the trial. Smythe now comes in with some affidavits showing that the net proceeds of the wheat were only $578.57. Judgment was rendered for $685.88. I have no doubt that the defendant is entitled to that reduction, and therefore the judgment should be reduced to $578.57 by remitting $107.31. A remittitur of $107.31 will be entered.